# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL HANNON; and CARRIE HANNON,

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

Case No.: 2:14-cv-1623-GMN-NJK

**ORDER**

Pending before the Court is the case of *Hannon v. State Farm Mutual Automobile Insurance Company*, (2:14-cv-1623-GMN-NJK). On October 2, 2014, the Court ordered that Defendant show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (ECF No. 4). On October 16, 2014, Defendant filed a Response. (ECF No. 9). For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.     BACKGROUND**

This action centers upon allegations by Plaintiffs Michael Hannon and Carrie Hannon that Defendant, their insurer, breached the underinsured motorist provisions of their policy by refusing to tender the limit of $25,000 per person/$50,000 per incident following an auto accident that occurred in a parking lot on July 30, 2013. (Compl. 3:6-11, ECF No. 1-1). This case was originally filed in Clark County District Court on August 22, 2014. (*Id.* at 1). On October 2, 2014, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:4-8, ECF No. 1).

The Complaint sets forth six causes of action, upon which Plaintiffs seek to recover

amounts in excess of $10,000 each for general damages and loss of consortium. (Compl. 9:6-7). Plaintiffs also seek recovery in unspecified amounts for lost wages, attorneys' fees, and punitive damages. (*Id.* at 9:8-13).

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a). As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will remand this action.

In its Response, Defendant asserts that this case satisfies the amount in controversy requirement because Plaintiffs: (a) might argue that Mr. Hannon's medical costs total in excess of $47,056.07; (b) seek damages for emotional distress; (c) request attorneys' fees; and (d) demand punitive damages. (Def.'s Resp., ECF No. 9). The Court will address each of these arguments in turn.

### a.   Medical Costs

In its Petition for Removal, Defendant asserts, "Although not stated in the Complaint, it

is believed that Mr. Hannon's [sic] claims to have incurred past medical expenses of $47,056.07 as a result of the collision." (Pet. For Rem. 2:15-16, ECF No. 1). However, Defendant fails to support this estimate with any evidence whatsoever. Thus, it is unclear to the Court whether Defendant's valuation has any factual basis, or if it was simply conjured out of thin air. Therefore the Court finds that Defendant has failed to show that Mr. Hannon's medical expenses exceed the $10,000 value reflected in the Complaint. (Compl. 8:6, ECF No. 1-1).

### b. *Emotional Distress*

Without citing to the Complaint or any evidence, Defendant states "it is anticipated that Plaintiff Michael Hannon will seek $120,000 - $150,000 . . . with additional measure of general damages sought by Plaintiff Carrie Hannon" in order to "compensate for the physical and emotional impact the accident had on Plaintiffs' lives." (Def.'s Resp. 6:19-23, ECF No. 9). While it is conceivable that Plaintiffs could seek such an amount, Defendant has failed to point to any particular facts or allegations showing that Plaintiffs are likely to seek such a large sum. Thus, Defendant has failed to carry its burden and the Court will not consider this amount within its calculation. Nevertheless, as the Complaint directly states that Mrs. Hannon seeks to recover at least $10,000 for loss of consortium, (Compl. 9:7, ECF No. 1-1), the Court will consider this amount to be
in controversy.

### c. *Attorneys' Fees*

Defendant asserts that the Court should consider Plaintiffs' request for attorneys' fees as part of the amount in controversy. However, Defendant has not set forth any basis under which an award of attorneys' fees may be warranted in this case, nor has it provided any evidence as to the amount of attorneys' fees Plaintiffs might reasonably incur. In order for a court to include a potential award of attorneys' fees within an amount in controversy

calculation, the removing party must (1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate. *See, e.g.*, *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (holding a defendant's statement that the opposing counsel's fees "may well, in and of themselves, exceed the jurisdictional minimum" did not suffice to create subject matter jurisdiction); *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (stating a defendant "must do more than merely point to [a plaintiff's] request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees"). Therefore, Defendant has not satisfied its burden to show that an award of attorneys' fees might be authorized in this action, and the Court cannot consider such an award as part of the amount in controversy.

### d. Punitive Damages

Defendant asserts, "[I]f Plaintiffs prevail on their punitive damages claim, Plaintiffs would likely be seeking an amount far in excess of $75,000.00 as exemplary damages alone" and therefore "Plaintiffs' claim for punitive damages alone puts an amount in controversy that is sufficient to satisfy the jurisdictional requirement." (Def.'s Resp. 7:12-18, ECF No. 9). While Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages to be within the amount in controversy, "it is not enough to tell the Court that [a plaintiff] seek[s] punitive damages, [the defendant] must come forward with evidence showing the likely award if [the plaintiff] were to succeed in obtaining punitive damages." *Wilson*, 250 F. Supp. 2d at 1264 (D. Idaho 2003); *see also, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Furthermore, a court cannot consider awards issued in other actions unless a defendant identifies similarities which raise an inference that such an award might be warranted in the instant case. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Because Defendant has failed

to identify any particular facts or allegations which might warrant a large punitive damage award, the Court will not consider punitive damages within its calculation.

Therefore the evidence put forward by Defendant demonstrates only that Plaintiffs are seeking $20,000—far below the $75,000 minimum required for diversity jurisdiction. Accordingly, the Court will remand this case.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that that this action is remanded to Clark County District Court.  The Clerk is instructed to close the case.

**DATED** this 12th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiffs and Defendant.